Barnard, P. J.
The issue is simple, and there is but a single witness on either side in support of the respective parties. The proof shows that the plaintiff in December, 1872, was inspector of motive power for the defendant, at a salary of $2,500 a.year. The duties do not appear well defined by the evidence, but such as they were, the service was regularly paid until January 1, 1876. After that time, although the plaintiff was ready and willing to discharge any duty which was to be assigned to him to do by the defendant, very little was in fact assigned. Shortly after the expiration of the year (December 31, 1876), the plaintiff notified the company that his services had not been used, that he had “been assigned to no particular duty.” The defendant replied that it had not considered him in its employ after 1875. No formal notice of discharge was given, and the dispute between the parties relates wholly to the continuance of the contract for 1876. The plaintiff testifies that he was ready at all-times to be assigned to duty. The defendant’s receiver at times referred the plaintiff to Mr. Bowen. Bowen on several occasions sent for plaintiff and obtained information in respect to the interests of the defendant during the year, such as anticipated strikes and trouble among employees of the company, and probably some attendance at Albany in the early part of 1876.
The testimony of the defendant’s receiver is not very explicit upon the point of the cessation of the employment; he states that he told Mr Abbott, the plaintiff, that he would be glad to employ him if he could find employment, and that he never did find it. Assuming a continuing appointment as inspector of motive power at a yearly salary, with duties to be performed from time to time as were directed it is an imperfect denial of the continued employment. The plaintiff might have understood that he would be assigned when needed, and he must hold himself ready for orders, and the defendant’s receiver understood that the employment itself was terminated. The proof against the defendant’s view is more in accordance with probability. The original employment was not fr:r a fixed time, but under its terms would continue until terminated by one of the other of the parties. Nothing in the nature of a clear indication of that purpose is disclosed by the evidence, and the plaintiff testifies that the contract continued as he supposed, and some service (all that was asked for), was done under it. The referee finds that the employment continued through 1876, and upon‘the whole case his finding seems to be well supported by the evidence.
The judgment should, therefore, be affirmed with costs.
Pratt, J., concurs.